# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| J M Smith Corporation d/b/a Smith Drug Company, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Modern Pharmacy, LLC, Pharmaquick, LLC, and )<br>Michael Rosenbaum, )<br>)<br>Defendants. )<br>) | Civ. A. No. _____<br><br>COMPLAINT |

Plaintiff J M Smith Corporation d/b/a Smith Drug Company, complaining of Defendants Modern Pharmacy, LLC, Pharmaquick, LLC, and Michael Rosenbaum, alleges as follows:

## Nature of the Action

1. Plaintiff J M Smith Corporation d/b/a Smith Drug Company ("Smith") is a pharmaceutical drug wholesaler located in Spartanburg, SC. Modern Pharmacy, LLC ("Modern") and Pharmaquick, LLC ("Pharmaquick") are retail pharmacies located in Miami, Fla. Beginning in 2017, Modern and Pharmaquick contracted with Smith for the provision of pharmaceutical drugs and related goods, and Michael Rosenbaum ("Rosenbaum") guaranteed payment for the same. As of February 20, 2019, Modern and Rosenbaum owe Smith $998,584.21 plus interest and attorney's fees for pharmaceutical drugs and related goods provided to Modern. Pharmaquick and Rosenbaum owe Smith $538,476.85 plus interest and attorney's fees for pharmaceutical drugs and related goods provided to Pharmaquick.

## Parties, Jurisdiction, and Venue

2. J M Smith Corporation d/b/a Smith Drug Company ("Smith") is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Spartanburg County, South Carolina. Smith does business under the trade name Smith

Drug Company.

3. Upon information and belief, Modern Pharmacy, LLC ("Modern") is a limited liability company formed and existing under the laws of the State of Florida.

4. Upon information and belief, Pharmaquick, LLC ("Pharmaquick") is a limited liability company formed and existing under the laws of the State of Florida. Pharmaquick does business as Midtown Pharmacy.

5. Upon information and belief, Michael Rosenbuam is a citizen of the State of Florida residing in Miami Beach, Miami-Dade County, Florida. Upon further information and belief, Rosenbaum is or was an owner, member, manager, member-manager, principal, or related capacity for both Modern and Pharmaquick.

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. This Court has personal jurisdiction over Defendants based upon the following:

(a) Defendant Modern entered into a March 2, 2017 Security Agreement in favor of Smith whereby Modern contractually waived any objection to personal jurisdiction in the State of South Carolina for any lawsuit arising out of debts incurred by Modern to Smith;

(b) Defendant Rosenbaum entered into a March 2, 2017 Continuing and Personal Guaranty of Payment on behalf of Modern and in favor of Smith whereby Rosenbaum contractually waived any objection to personal jurisdiction in the State of South Carolina for any lawsuit arising out of debts incurred by Modern to Smith;

(c) Defendant Pharmaquick entered into a March 31, 2017 Security Agreement in favor of Smith whereby Pharmaquick contractually waived any objection to personal jurisdiction in the State of South Carolina for any lawsuit arising out of debts incurred by Pharmaquick to Smith;

(d) Defendant Rosenbaum entered into a March 31, 2017 Continuing and Personal Guaranty of Payment on behalf of Pharmaquick and in favor of Smith whereby Rosenbaum contractually waived any objection to personal

jurisdiction in the State of South Carolina for any lawsuit arising out of debts incurred by Pharmaquick to Smith; and

(e)  S.C. Code Ann. § 36-2-803(A)(7) in that the parties have entered into one or more contracts which were to be performed in part in this State, including but not limited through the following ways:

- during the relationship between Smith and Defendants, Defendants directed communications in writing and by telephone to employees of Smith in Spartanburg, SC to negotiate contract terms, submit contracts, and submit proposed relationship terms;

- Modern and Pharamquick directed Applications for Credit to Smith in Spartanburg, SC;

- throughout the relationship between Smith and Defendants, initial and ongoing evaluations and decisions concerning the extension of credit to Modern and Pharmaquick were made by Smith in Spartanburg, SC;

- throughout the relationship between Smith and Defendants, research and verification of Modern and Pharmaquick's compliance with governing pharmaceutical distribution for retail pharmacy operations were managed by Smith in Spartanburg, SC;

- throughout the relationship between Smith and Defendants, pharmaceutical drug pricing decisions were made by Smith in Spartanburg, SC;

- throughout the relationship between Smith and Defendants, invoicing for purchases made by Modern and Pharmaquick has been generated by Smith in Spartanburg, SC;

- throughout the relationship between Smith and Defendants, accounting for payments made and amounts owed by Defendants to Smith has been posted by Smith in Spartanburg, SC;

- throughout the relationship between Smith and Modern, Smith has initiated and conducted collection efforts from Defendants from Spartanburg, SC;

- throughout the relationship between Smith and Modern, Defendants have directed responses to Smith's collection efforts to Smith in Spartanburg, SC; and

- through the above activities and by executing the contracts outlined in Paragraph 7(a) and (c) which provide for the application of South

Carolina law, Defendants have availed themselves of the laws of this State.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) based upon the following:

(a) Defendant Modern entered into a March 2, 2017 Security Agreement in favor of Smith whereby Modern contractually waived any objection to venue in the State of South Carolina for any lawsuit arising out of debts incurred by Modern to Smith;

(b) Defendant Rosenbaum entered into a March 2, 2017 Continuing and Personal Guaranty of Payment on behalf of Modern and in favor of Smith whereby Modern contractually waived any objection to venue in the State of South Carolina for any lawsuit arising out of debts incurred by Modern to Smith;

(c) Defendant Pharmaquick entered into a March 31, 2017 Security Agreement in favor of Smith whereby Pharmaquick contractually waived any objection to venue in the State of South Carolina for any lawsuit arising out of debts incurred by Pharmaquick to Smith;

(d) Defendant Rosenbaum entered into a March 31, 2017 Continuing and Personal Guaranty of Payment on behalf of Pharmaquick and in favor of Smith whereby Rosenbaum contractually waived any objection to venue in the State of South Carolina for any lawsuit arising out of debts incurred by Pharmaquick to Smith; and

(e) a substantial part of the events or omissions giving rise to Plaintiff's Causes of Action occurred in, South Carolina as outlining in Paragraph 7(e).

**FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract – Modern)**

9. The above paragraphs are incorporated as if set forth herein.

10. On or about March 2, 2017, Modern, as buyer, delivered to Smith an Application for Credit – Smith Drug Company (the "Modern Credit Agreement") in order to establish a credit relationship with Plaintiff for the purchase of goods, merchandise, and equipment, including pharmaceutical drugs (the "Modern Account"). The Modern Credit Agreement is attached hereto as Exhibit A and incorporated herein.

11. As security of payment by Modern for the Modern Account, Modern executed and

delivered the Modern Security Agreement, attached hereto as Exhibit B and incorporated herein.

12. On March 15, 2017, Smith perfected its security interest by filing the Modern UCC-1, attached hereto as Exhibit C and incorporated herein, covering the collateral described in the Modern Security Agreement.

13. Pursuant to the Modern Credit Agreement, Smith shipped goods to Modern for which Modern was obligated to make payment.

14. Smith has submitted to Modern invoices and statements of account, but Modern has failed to pay in full the sums due. As of February 20, 2019, the Modern Account balance is Nine Hundred Ninety-Eight Thousand Five Hundred Eighty-Four and 21/100 Dollars ($998,584.21), exclusive of interest and attorney's fees and costs, as stated in the Verified Statement of Account as to Modern, attached hereto as Exhibit D and incorporated herein, all of which is past due and in default.

15. Despite Smith's just demands for payment, Modern has breached its Credit Agreement by its failure to pay to Smith the principal sum of Nine Hundred Ninety-Eight Thousand Five Hundred Eighty-Four and 21/100 Dollars ($998,584.21).

16. Smith, therefore, is entitled to recover from Modern on the Modern Account Nine Hundred Ninety-Eight Thousand Five Hundred Eighty-Four and 21/100 Dollars ($998,584.21) plus interest and attorney's fees and costs as this Court deems appropriate.

17. Securing this payment, by way of the Modern Security Agreement, Smith holds a perfected security interest and lien on all of Modern's accounts receivable, computer systems, equipment, patient records, and proceeds therefrom.

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Rosenbaum Guaranty – Modern)**

18. The above paragraphs are incorporated as if set forth herein.

19. On or about March 2, 2017, for good and valuable consideration, Defendant Rosenbaum executed a Continuing and Personal Guaranty of Payment to Smith whereby Rosenbaum absolutely and unconditionally provided a continuing guaranty of payment for all amounts due from Modern to Smith. A copy of said Guaranty is attached hereto as Exhibit E and incorporated herein.

20. As part of the Continuing and Personal Guaranty of Payment referenced in Paragraph 19, Defendant Rosenbaum agreed to pay all costs of collection, including but not limited to Smith's attorney's fees, incurred by Smith in connection with the enforcement of said Guaranty through litigation.

21. Defendant Modern is now in default, and Defendant Rosenbaum, through his failure to pay the amounts owed by Modern to Smith, is in breach of the Guaranty referenced in Paragraph 19.

22. Defendant Rosenbaum, therefore, is jointly and severally liable for all amounts incurred on the Modern Account by Modern which as of February 20, 2019 totals Nine Hundred Ninety-Eight Thousand Five Hundred Eighty-Four and 21/100 Dollars ($998,584.21) as set forth in Exhibit D, together with interest and the costs of collection, including attorney's fees and costs of this action.

**FOR A THIRD CAUSE OF ACTION**
**(Breach of Contract - Pharmaquick)**

23. The above paragraphs are incorporated as if set forth herein.

24. On or about March 31, 2017, Pharmaquick, as buyer, delivered to Smith an Application for Credit – Smith Drug Company (the "Pharmaquick Credit Agreement") in order to establish a credit relationship with Plaintiff for the purchase of goods, merchandise, and equipment, including pharmaceutical drugs (the "Pharmaquick Account"). The Pharmaquick

Credit Agreement is attached hereto as Exhibit F and incorporated herein.

25. As security of payment by Pharmaquick for the Pharmaquick Account, Pharmaquick executed and delivered the Pharmaquick Security Agreement, attached hereto as Exhibit G and incorporated herein.

26. On March 31, 2017, Smith perfected its security interest by filing the Pharmaquick UCC-1, attached hereto as Exhibit H and incorporated herein, covering the collateral described in the Pharmaquick Security Agreement.

27. Pursuant to the Pharmaquick Credit Agreement, Smith shipped goods to Pharmaquick for which Pharmaquick was obligated to make payment.

28. Smith has submitted to Pharmaquick invoices and statements of account, but Pharmaquick has failed to pay in full the sums due. As of February 20, 2019, the Pharmaquick Account balance is Five Hundred Thirty-Eight Thousand Four Hundred Seventy-Six and 85/100 Dollars ($538,476.85), exclusive of interest and attorney's fees and costs, as stated in the Verified Statement of Account as to Pharmaquick, attached hereto as Exhibit I and incorporated herein, all of which is past due and in default.

29. Despite Smith's just demands for payment, Pharmaquick has breached its Credit Agreement by its failure to pay to Smith the principal sum of Five Hundred Thirty-Eight Thousand Four Hundred Seventy-Six and 85/100 Dollars ($538,476.85).

30. Smith, therefore, is entitled to recover from Pharmaquick on the Pharmaquick Account Five Hundred Thirty-Eight Thousand Four Hundred Seventy-Six and 85/100 Dollars ($538,476.85) plus interest and attorney's fees and costs as this Court deems appropriate.

31. Securing this payment, by way of the Pharmaquick Security Agreement, Smith holds a perfected security interest and lien on all of Pharmaquick's accounts receivable, computer systems, equipment, patient records, and proceeds therefrom.

## FOR A FOURTH CAUSE OF ACTION
### (Rosenbaum Guaranty – Pharmaquick)

32. The above paragraphs are incorporated as if set forth herein.

33. On or about March 31, 2017, for good and valuable consideration, Defendant Rosenbaum executed a Continuing and Personal Guaranty of Payment to Smith whereby Rosenbaum absolutely and unconditionally provided a continuing guaranty of payment for all amounts due from Pharmaquick to Smith. A copy of said Guaranty is attached hereto as Exhibit J and incorporated herein.

34. As part of the Continuing and Personal Guaranty of Payment referenced in Paragraph 33, Defendant Rosenbaum agreed to pay all costs of collection, including but not limited to Smith's attorney's fees, incurred by Smith in connection with the enforcement of said Guaranty through litigation.

35. As Defendant Pharmaquick is now in default, and Defendant Rosenbaum, through his failure to pay the amounts owed by Pharmaquick to Smith, is in breach of the Guaranty referenced in Paragraph 33.

36. Defendant Rosenbaum, therefore, is jointly and severally liable for all amounts incurred on the Pharmaquick Open Account by Pharmaquick which as of February 20, 2019 totals Five Hundred Thirty-Eight Thousand Four Hundred Seventy-Six and 85/100 Dollars ($538,476.85) as set forth in Exhibit I, together with interest and the costs of collection, including attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Smith prays for relief against Defendants as follows:

A. For an award of actual damages in the amount of Nine Hundred Ninety-Eight Thousand Five Hundred Eighty-Four and 21/100 Dollars ($998,584.21) against Modern and Rosenbaum based upon the Modern Account and Rosenbaum's guaranty of the same;

B.    For an award of actual damages in the amount of Five Hundred Thirty-Eight Thousand Four Hundred Seventy-Six and 85/100 Dollars ($538,476.85) against Pharmaquick and Rosenbaum based upon the Pharmaquick Account and Rosenbaum's guaranty of the same;

C.    For the costs of collection, including attorney's fees and costs of this action;

D.    For late fees and interest as allowed by the Modern Credit Agreement and the Pharmaquick Credit Agreement;

E.    For pre-judgment and post-judgment interest as allowed by law;

F.    That Smith's security interests be declared perfected liens against the corresponding property, with the appropriate priority; and

G.    For such other and further relief as the Court may deem just and proper.

February 26, 2019

**HOLCOMBE BOMAR, PA**

By: s/Perry D. Boulier
Perry D. Boulier, Esq. (Fed Id. 01008)
P.O. Box 1897
Spartanburg, South Carolina 29650
(864) 594-5300(Ph)
(864) 585-3844 (Fax)
pboulier@holcombebomar.com

By: s/Joshua T. Thompson
Joshua T. Thompson (Fed. Id. 11156)
P.O. Box 1897
Spartanburg, South Carolina 29650
(864) 594-5300(Ph)
(864) 585-3844 (Fax)
jthompson@holcombebomar.com

Attorneys for Plaintiff J M Smith Corporation d/b/a Smith Drug Company

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | |
| | ) | **VERIFICATION** |
| COUNTY OF SPARTANBURG | ) | |

**PERSONALLY** appeared before me the undersigned, who, being first duly sworn, deposes and says: That he/she is the authorized representative for JM Smith Corporation d/b/a Smith Drug Company and as such is authorized to verify the foregoing Complaint and the matters and things therein stated are true to own knowledge, expect those matters and things therein stated on information and belief, and those he/she believes to be true.

JM SMITH CORPORATION d/b/a
SMITH DRUG COMPANY

By: _____

Its: CREDIT MANAGER

SWORN to and subscribed before me

this 26 day of February, 2019

_Teresa J Rollins_ (L.S.)
Notary Public for South Carolina
My Commission Expires: May 18, 2020